Ruffin, J.
 

 Evidence of the nature of that given on the part of the plaintiff, is natural evidence on the question of the health of the person declaring his symptoms and sufferings; and they are admissible from necessity;
 
 Roulhac
 
 v.
 
 White,
 
 9 Ire. Rep. 63. Of course, they are only evidence of the condition of the person at the time they are made. The objection taken here, is, that these declarations refer to periods too remote from the sale. But they may be, for that reason, only the stronger, or better evidence to the point, to 'which they were directed, that is, the soundness or unsounduess at the time of the warranty. That will depend much on the na* ture of the disease. The particular disease in this case, is not mentioned, but only that it was a chronic disease, which finally proved fatal. Row, the longer back such an affection may be continuously traced, the more convincing will it be of the esistence of the disease at the sale, especially when, soon after the sale, it exhibited itself manifestly again.
 

 The Court concurs, too, that the question put to the defendant’s witness, ought to have been ruled out. The witness had already testified to the appearance of the slave, that is, given the jury the benefit of his eye-sight as to the state of the health of. the slave ; and it was not competent for him to give his inferences from the appearance of the negro. His opinion was worth nothing, because, for the want of skill and science, he was not competent to form an opinion, entitled to any consideration in law;
 
 Lush
 
 v.
 
 McDaniel,
 
 13 Ire. 485, is authority on both points.
 

 PER Cueiam, Judgment affirmed.